94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERITEC CORPORATION, a California corporation, Plaintiff-Appellant,
v.
AMERITECH CORPORATION, a Delaware corporation, successor in
interest and/or formerly known as American
Information Technologies Corporation,
and dba Ameritech, Defendant-Appellee.
 No. 95-55417.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Aug. 15, 1996.
 
 Before: REINHARDT, HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are asked to consider whether Defendant-Appellee Ameritech Corporation ("AITC") breached the parties' 1986 Settlement Agreement or ran afoul of the Illinois Deceptive Trade Practices Act, § 510/2(2), when it designed a new logo. We find no error in the district court's determination that AITC neither breached the contract nor violated the statute, and affirm.
 
 
 3
 The parties agree, and the district court found, that the Settlement contemplated a significant degree of confusion between the parties' various marks. The parties agreed to tolerate some confusion, however, because their products and customer bases were so very different. They resolved their differences with an Agreement governing the uses of their marks, with the purpose "to avoid a likelihood of confusion" between their products. Settlement Agreement Preamble, ER x112. Guided by this aim, the parties agreed "to act in good faith to avoid creating, fostering or promoting any confusion or likelihood of confusion" between their product lines or corporate identities. Settlement Agreement p 17, ER x112.
 
 
 4
 Ameritec contends that AITC flouted this provision in creating its new logo. We disagree. To show breach of contract, Ameritec had to establish both that AITC failed to act in good faith, and that AITC's actions fostered an increase in the likelihood of confusion.[1] A lack of good faith alone would not constitute breach of contract because, as the Preamble demonstrates, the aim of the Settlement was not to punish bad intentions, but to impose on the parties a good faith duty not to increase the market's confusion beyond the level contemplated in 1986. Without an increase in the likelihood of confusion, there can be no harm under the Agreement. Because we agree with the district court that AITC did not increase the likelihood of confusion by adopting its new design mark, we need not reach the good faith issue.
 
 
 5
 The district court did not clearly err in finding no increase in the likelihood of confusion. Because Ameritec does not challenge the court's findings on five of the seven factors in its likelihood of confusion analysis, it must show a sufficiently weighty error in the findings it does challenge in order to overturn the entire likelihood of confusion finding. This it has not done. First, we find no increase in visual similarity. The "red swoosh" of AITC's new orbit design is its defining feature. As the district court found, the orbital swoosh is clearly distinct from the underlining that sometimes appears, in various colors, in Ameritec's designs. AITC's trademark search, the results of which appear in the record below, confirm that no feature of Ameritec's marks approximate the distinctiveness of the orbital swoosh. The search results defeat any contention that the district court clearly erred in finding no increase in visual similarity between the orbital design and Ameritec's weak and varied marks.
 
 
 6
 Second, we also find no clear error in the district court's determination that the new mark created no increase in actual confusion beyond the level imagined in 1986. The district court gave little weight to the "affidavit from a single individual who was not a customer" whom Ameritec had put forward to demonstrate actual confusion. Ameritec does not dispute this ruling on appeal. It contests instead the district court's finding that neither AITC's nor Ameritec's consumer survey evidence "demonstrated an increase in likelihood of confusion in a credible fashion." Ameritec argues that the district court erroneously disregarded the parties' survey evidence because such evidence has been deemed probative in other likelihood of confusion cases. This argument, however, goes to admissibility and not to the weight a court should give to the evidence. The district court did admit the surveys. It then found them not to be credible. We see no reason to dispute this credibility finding.
 
 
 7
 We find no clear error in the district court's finding that the new logo fostered no additional likelihood of confusion. Accordingly, the district court did not err in ruling that AITC did not breach the Settlement Agreement.
 
 
 8
 Because the IDTPA claim depends upon the same likelihood of confusion analysis, we affirm on this issue as well.
 
 
 9
 The judgment is AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 10
 I dissent. I conclude (1) that the defendant did not act in good faith and (2) that its actions in adopting the new logo fostered an increase in the likelihood of confusion.
 
 
 11
 It would serve little purpose to engage in an extensive discussion in this memorandum disposition. The parties know the facts and the defendant knows how it conducted itself. It should suffice to state that the defendant made no effort to comply with its contractual obligations. It excuses its non-feasance by pointing to a staff counsel's clearly erroneous conclusion that it was as free to change its logo, in any way it wished, after the agreement as it was before. Based on that "advice", it failed to disclose the agreement with plaintiff to its experts and failed to show them plaintiff's marks. Defendant's contention at oral argument that the good faith provision of the agreement served to limit plaintiff's rights, rather than to protect them, was ludicrous. This argument alone is enough to show defendant's lack of good faith.
 
 
 12
 Perhaps out of kindness, the majority does not reach the good faith issue. Instead, it affirms the verdict on the ground that the district court did not clearly err in finding no increase in visual similarity between the marks and no increase in actual confusion. In both respects, I strongly disagree. First, a visual examination should persuade any observer that defendant's new mark is far more like plaintiff's than was defendant's prior mark. Whereas previously the style of the lettering was entirely dissimilar, it is now almost identical; whereas there was previously no emphasis placed below the name in defendant's mark, there is now a swoosh that makes it far more like the plaintiff's underlined mark than it was before. I would not have thought that there could be any real disagreement over this point. The fact that the swoosh is in itself distinctive cannot make the marks less rather than more similar, given the circumstances I have just described.
 
 
 13
 Second, I conclude that the majority is incorrect with respect to actual confusion. Expert testimony and consumer survey evidence are extremely important in a case of this nature. The district judge made it plain that he was not interested in hearing such testimony and failed to give it proper consideration.
 
 
 14
 In my opinion, the defendant willfully ignored its contractual obligations and acted in an unfair and irresponsible manner toward a smaller and less powerful entity. That the plaintiff should now be required to pay over a million dollars in attorneys fees and costs to defendant because of defendant counsel's successful efforts to frustrate plaintiff's rightful claim seems to me exceedingly unjust. Even if I were wrong, and plaintiff's claim, reasonable as it seems at first blush, fell short of the mark, I would think it obscene to penalize it so severely for what is at the most a reasonable mistake. Certainly, that is not what the parties had in mind when they agreed to the attorneys fee provision. Accordingly, I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We take issue with the dissent's characterization of Ameritec as relatively small and powerless. Presumably this description is thought to establish some inequality of bargaining power. Ameritec is no small concern. Its sales exceeded $30 million in 1993, and its cumulative sales at that point were around $165 million. Declaration of Thomas A. Hollfelder in Support of Plaintiff's Motion for Preliminary Injunction, CR 9 at 3. Ameritec has never argued that the Agreement was unfair, it simply disputes the proper interpretation of the contractual language. Finally, we see nothing "obscene" in the attorney's fees award. The award followed the Agreement's mandate, and served precisely to deter litigation such as this